IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELISHA SWANKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2278-K-BN |
| | § | |
| WHITEROCK MEDICAL CENTER/DBA | § | |
| PIPELINE HEALTH, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Felisha Swanks filed a *pro se* petition in a Dallas County state court raising employment-based claims for wrongful termination, discrimination, and retaliation, in which Swanks requested damages of "[l]ess than $100,000 and non-monetary relief." Dkt. No. 1-1 at 4-10.

Pipeline Health, LLC, stating that it was incorrectly identified as Whiterock Medical Center/dba Pipeline Health, LLC, the defendant named in the state court petition, removed Swanks's action to federal court, asserting that there is diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1.

United States District Judge Ed Kinkeade referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* remand the action to state court because Pipeline, the party seeking to invoke the Court's subject matter jurisdiction,

has not established it.

## Discussion

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). And the Court has an independent duty to ensure that there is subject matter jurisdiction, *see, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), since "[j]urisdiction is the power to say what the law is," *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023).

Section 1332 is the only basis for federal subject matter jurisdiction invoked by Pipeline in its notice of removal. In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

In support of these requirements, Pipeline's notice provides:

> 7. This Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Complete diversity between

> the parties exists because, as described below: (1) Plaintiff is a citizen of the State of Texas; and (2) Defendant is not a citizen of Texas.
>
> 8. At all times relevant to this suit, Plaintiff was a citizen of Texas.
>
> 9. The citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Defendant is a Limited Liability Company, with its principal place of business in California, where it was served. Defendant's members are citizens of California and Utah. Exhibit B, Declaration of Mark Bell, M.D.
>
> 10. Defendant is therefore not a citizen of the State of Texas.
>
> 11. In her Civil Case Information Sheet, attached to her Petition, Plaintiff indicates she seeks damages of "less than $100,000." Accordingly, this is an action where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The Court therefore has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action may be removed by Defendant pursuant to 28 U.S.C. § 1441.

Dkt. No. 1 at 2-3 (emphasis omitted).

Focusing on the amount-in-controversy requirement, Pipeline has not shown that this amount exceeds $75,000.

The Civil Case Information Sheet used by Swanks reflects ranges of damages consistent with a prior version of Texas Rule of Civil Procedure 47, which generally requires plaintiffs to categorize their damages. *See Plunkett v. Companion Prop. & Cas. Ins. Co.*, No. 1:15-CV-474, 2016 WL 8931300, at *3 (E.D. Tex. Apr. 8, 2016) (citations omitted).

Related to this requirement and its intersection with Section 1332's amount-in-controversy requirement, another district court in this circuit, presented with the same option as to damages that Swanks chose here, observed that

> [p]etitions filed in Texas state court must include one of five statements describing the damages sought. Pursuant to this procedural rule, Plaintiffs pleaded that they sought "only monetary relief of $100,000 or

- 3 -

> less and non-monetary relief." This is the lowest statement of monetary relief available to be pleaded. When a state court petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy is adequate. This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000; or, alternatively, (2) the defendant sets forth summary-judgment-type evidence of facts in controversy that support a finding of the requisite amount.

*Rosas v. JRK Colinas Del Sol, LLC*, EP-21-CV-00018-FM, 2021 WL 3579400, at *2 (W.D. Tex. Apr. 1, 2021) (footnotes omitted); *see also Plunkett*, 2016 WL 8931300, at *3 ("In situations where the petition alleges only a range of damages and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The removing party can satisfy that burden (1) by showing that it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) by setting forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount. Unless it is apparent from the petition that the amount in controversy exceeds $75,000.00, the defendant may not rely on mere conclusory allegations in the notice of removal to satisfy its burden. Rather, the party seeking removal may establish federal jurisdiction by presenting facts, either through its notice of removal or affidavits, sufficient to show that the amount in controversy requirement is met." (cleaned up)).

Contrary to Pipeline's conclusory allegation, it is not apparent from Swanks's petition that the claims are likely to exceed $75,000. Nor has Pipeline provided evidence to support a finding that the amount in controversy exceeds $75,000.

So, simply put, Pipeline has not carried its burden to establish federal subject

matter jurisdiction. And Congress has dictated that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## Recommendation

The Court should *sua sponte* remand this lawsuit to the state court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 19, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE