IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELISHA SWANKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2278-K-BN |
| | § | |
| WHITEROCK MEDICAL CENTER/DBA | § | |
| PIPELINE HEALTH, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER WITHDRAWING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Felisha Swanks filed a *pro se* petition in a Dallas County state court raising employment-based claims for wrongful termination, discrimination, and retaliation, in which Swanks requested damages of "[l]ess than $100,000 and non-monetary relief." Dkt. No. 1-1 at 4-10.

Pipeline Health, LLC, stating that it was incorrectly identified as Whiterock Medical Center/dba Pipeline Health, LLC, the defendant named in the state court petition, removed Swanks's action to federal court, asserting that there is diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1.

And United States District Judge Ed Kinkeade referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After the undersigned recommended that the Court *sua sponte* remand the action to state court because Pipeline, the party seeking to invoke the Court's subject matter jurisdiction, failed to establish it through the notice of removal [Dkt. No. 4]

(the FCR), Pipeline filed an amended notice of removal, *see* Dkt. No. 5; *see also A & C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-429-D, 2016 WL 3194332, at *4 (N.D. Tex. June 9, 2016) ("A defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b). Thereafter, a defendant may amend only to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice." (citations omitted)).

Having reviewed the amended notice of removal, the undersigned WITHDRAWS the FCR and will enter further orders as appropriate.

But the undersigned notes that, as to any defect other than lack of subject matter jurisdiction, Swanks's deadline to move to remand this case to state court is **November 15, 2023**. *See* 28 U.S.C. § 1447(c).

SO ORDERED.

DATED: October 24, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE