IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELISHA SWANKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2278-K-BN |
| | § | |
| WHITEROCK MEDICAL CENTER/DBA | § | |
| PIPELINE HEALTH, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Felisha Swanks filed a *pro se* petition in a Dallas County state court raising employment-based claims for wrongful termination, discrimination, and retaliation. *See* Dkt. No. 1-1 at 4-10.

Pipeline Health, LLC ("Pipeline"), stating that it was incorrectly identified as Whiterock Medical Center/dba Pipeline Health, LLC, the defendant named in the state court petition, removed Swanks's action to federal court, asserting that there is diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1.

United States District Judge Ed Kinkeade referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After the undersigned recommended that the Court *sua sponte* remand the action to state court because Pipeline, the party seeking to invoke the Court's subject matter jurisdiction, failed to establish it through the initial notice of removal, *see* Dkt. No. 4, Pipeline timely amended its notice of removal, *see* Dkt. No. 5; *see also A & C*

*Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-429-D, 2016 WL 3194332, at *4 (N.D. Tex. June 9, 2016) ("A defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b). Thereafter, a defendant may amend only to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice." (citations omitted)).

And, after reviewing the amended notice of removal, the undersigned withdrew his recommendation but noted that, as to any defect other than lack of subject matter jurisdiction, Swanks's deadline to move to remand this case to state court is November 15, 2023. *See* Dkt. No. 7 (citing 28 U.S.C. § 1447(c)).

Prior to that deadline, Swanks filed Objections to Defendant's Notice of Removal [Dkt. No. 12], requesting that the Court "assert the personal jurisdiction for a nonresident defendant [in this] case."

Because this filing is styled as an objection to the removal of this lawsuit from state court, the Court should construe it as a motion to remand.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)." 28 U.S.C. § 1447(c). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

As this statutory text reflects, Section 1447 "differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason, e.g., because the removal took place after relevant

- 2 -

time limits had expired." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up).

So, for removals that are defective based on violations of the removal statute's provisions and limitations – that is, where "removal was improper, [but] the exercise of subject matter jurisdiction was not," *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) – "there must be a motion to remand filed no later than 30 days after the filing of the removal notice," but, for "removals that are defective because of lack of subject matter jurisdiction," "remand may take place without such a motion and at any time." *Schacht*, 524 U.S. at 392 (citing 28 U.S.C. § 1447(c); cleaned up); *accord Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-44 (5th Cir. 1991) ("The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction. The former is waivable ... the latter is not." (cleaned up)).

Applying these standards to the construed motion to remand, it does not appear that Swanks's argument concerning personal jurisdiction over Pipeline contests subject matter jurisdiction.

But, even if Swanks does, the Court should find, for the reasons set out in Pipeline's amended notice of removal, that jurisdiction under Section 1332 existed when Pipeline removed this lawsuit to federal court.

And, insofar as Swanks's personal-jurisdiction argument should be construed as asserting a defect based on a violation of the removal statute – a procedural defect – such as that this lawsuit was removed by a defendant, properly joined and served,

who is a citizen of the state where the plaintiff filed suit, *see* 28 U.S.C. § 1441(b)(2) – considering that Swanks objects to removal to the extent that the defendant is "'at home' in Texas," Dkt. No. 12 at 1 – such defect is asserted through a timely motion to remand, *see Tex. Brine Co., LLC v. Am. Arb. Assoc.*, 955 F.3d 482, 485 (5th Cir. 2020) ("recognizing that the forum-defendant rule is a procedural rule and not a jurisdictional one" (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392-93 (5th Cir. 2009))).

But Swanks has not shown that this procedural defect (or any others) are apparent in the amended notice of removal.

The Court should therefore deny the construed motion to remand.

## Recommendation

The Court should deny Plaintiff Felisha Swanks's construed motion to remand [Dkt. No. 12].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 13, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE